# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN RAMON TUGGLE, | CASE NO. 1:10-cv–01420-LJO-BAM PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A COGNIZABLE CLAIM |
| v. | |
| OLSEN, et al., | (ECF No. 1) |
| Defendants. | THIRTY-DAY DEADLINE |

## I.   Screening Requirement

Plaintiff Steven Ramon Tuggle is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S.

1   544, 555, 127 S. Ct. 1955 (2007)).

2   **II.     Discussion**

3        Plaintiff brings this action against Defendants Olsen, Turney, Lawless, Biter, and Holmstrom
4   seeking unspecified injunctive relief and damages.  Although it is unclear what rights Plaintiff is
5   alleging were violated, it appears that Plaintiff is complaining that he was denied access to the law
6   library.  To the extent that Plaintiff is attempting to state a claim for a violation of his First
7   Amendment right to access the court, Plaintiff has failed to state a cognizable claim.

8        While inmates have a fundamental constitutional right of access to the courts, Lewis v.
9   Casey, 518 U.S. 343, 346 (1996); Hebbe v. Pliler, 611 F.3d 1202, 1206 (9th Cir. 2010), it is merely
10  the right to bring to court a grievance the inmate wishes to present, and is limited to direct criminal
11  appeals, habeas petitions, and civil rights actions, Lewis, 518 U.S. at 354.  To bring a claim, the
12  plaintiff must have suffered an actual injury by being shut out of court, Christopher v. Harbury, 536
13  U.S. 403, 415 (2002); Lewis, 518 U.S. at 351, and "the complaint should state the underlying claim
14  in accordance with Federal Rule of Civil Procedure 8(a)just as if it were being independently
15  pursued, and a like plain statement should describe any remedy available under the access claim and
16  presently unique to it," Christopher, 536 U.S. at 418.

17  Plaintiff may not pursue a claim for denial of access to the courts based on the failure of staff
18  to respond to his appeals or based on the rejection of his appeals by staff.  Plaintiff does not have a
19  constitutionally protected right to have his appeals accepted or processed, Ramirez v. Galaza, 334
20  F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988), and because
21  Plaintiff has not alleged any facts demonstrating that he suffered an actual injury to qualifying
22  litigation, his claim fails as a matter of law, Christopher, 536 U.S. at 415; Lewis, 518 U.S. at 351.

23  Plaintiff shall be granted an opportunity to file an amended complaint curing the deficiencies
24  described in this order. Plaintiff is advised that under section 1983, Plaintiff must demonstrate that
25  each defendant personally participated in the deprivation of his rights.  Jones v. Williams, 297 F.3d
26  930, 934 (9th Cir. 2002).  This requires the presentation of factual allegations sufficient to state a
27  plausible claim for relief.  Iqbal, 129 S. Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962,
28  969 (9th Cir. 2009).  "[A] complaint [that] pleads facts that are 'merely consistent with' a

defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557).  Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

### III.    Conclusion and Order

For the reasons stated, Plaintiff's complaint does not state a cognizable claim for relief for a violation of his constitutional rights. Plaintiff is granted leave to file an amended complaint within thirty days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 129 S. Ct. at 1948-49. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1.    The Clerk's Office shall send Plaintiff a civil rights complaint form;

2.    Plaintiff's complaint, filed August 9, 2010, is dismissed for failure to state a claim

3

upon which relief may be granted under section 1983;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **November 23, 2011**                    /s/ **Barbara A. McAuliffe**
                                                  UNITED STATES MAGISTRATE JUDGE