# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELVIN SIMS,<br><br>        Plaintiff,<br><br>    v.<br><br>SHERRY LOPEZ, et al.,<br><br>        Defendants.<br>_____ / | CASE NO. 1:10-cv–01409-BAM PC<br><br>ORDER REQUIRING PLAINTIFF TO EITHER FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON COGNIZABLE CLAIMS (ECF No. 1)<br><br>ORDER DENYING PLAINTIFF'S MOTIONS FOR INJUNCTIVE RELIEF (ECF Nos. 9, 10)<br><br>ORDER VACATING ORDER REQUIRING PLAINTIFF TO FILE AMENDED COMPLAINT OR NOTIFY OF WILLINGNESS TO PROCEED ON COGNIZABLE CLAIMS (ECF No. 12)<br><br>THIRTY-DAY DEADLINE |

**I.      Screening Requirement**

Plaintiff Kelvin Sims is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Currently before the Court is the complaint, filed August 6, 2010, and motions for injunctive relief filed May 18, 2011, and July 14, 2011. (ECF Nos. 1, 9, 10.) On November 23, 2011, an order issued directing Plaintiff to file an amended complaint or notify the court of his willingness to proceed on cognizable claims, however the order was docketed in the incorrect case and shall be vacated. (ECF No. 12.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

"frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007)).

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S. Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

II.   **Complaint Allegations**

Plaintiff is in the custody of the California Department of Corrections and Rehabilitation and is incarcerated at Kern Valley State Prison. This action is brought against Defendants Jonathan E. Akanno, Sherry Lopez, Kelly Harrington, J. Clark Kelso, and Does 1-15 alleging deliberate indifference in violation of the Eighth Amendment and state law claims. Plaintiff is seeking injunctive relief and monetary damages.

Plaintiff suffers from severe back and rectal pain and alleges that Defendant Akanno, his treating physician, has failed to provide pain medication and appropriate medical care. Additionally, Defendant Lopez failed to approve treatment because Plaintiff files inmate appeals.

Plaintiff's complaint states a cognizable claim against Defendants Akanno and Lopez, however does not state a cognizable claim against any other defendant. Plaintiff shall be given the opportunity to file an amended complaint curing the deficiencies described by the Court in this order. In the paragraphs that follow, the Court will provide Plaintiff with the legal standards that appear to apply to his claims. If Plaintiff chooses to amend his complaint he should carefully review the standards and amend only those claims that he believes, in good faith, are cognizable.

### III. Discussion

#### A. Defendant Liability

Plaintiff may not bring suit against Defendants in their official capacity. "The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007). Additionally, government officials may not be held liable for the actions of their subordinates under a theory of *respondeat superior*. Iqbal, 129 S. Ct. at 1948. Since a government official cannot be held liable under a theory of vicarious liability for section 1983 actions, Plaintiff must plead that the official has violated the Constitution through his own individual actions. Id. at 1948. In other words, to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

#### B. Retaliation

Plaintiff's allegation that Defendant Lopez failed to approve needed medical treatment because Plaintiff filed too many inmate appeals is sufficient to state a cognizable claim. Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005); accord Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

#### C. Deliberate Indifference

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show "deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S. Ct. 285, 291 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by

demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096.

Deliberate indifference is shown where the official is aware of a serious medical need and fails to adequately respond. Simmons v. Navajo County, Arizona, 609 F.3d 1011, 1018 (9th Cir. 2010). "Deliberate indifference is a high legal standard." Simmons, 609 F.3d at 1019; Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). The prison official must be aware of facts from which he could make an inference that "a substantial risk of serious harm exists" and he must make the inference. Farmer v. Brennan, 511 U.S. 825, 837, 114 S. Ct. 1970, 1979 (1994).

Plaintiff has adequately alleged the existence of conditions which require medical treatment and are causing him chronic pain. Plaintiff's allegations that Defendant Akanno failed to respond to his requests for pain medication and medical treatment and Defendant Lopez failed to approve treatment are sufficient to state a cognizable claim. However, Plaintiff's allegations that Defendant Akanno mentioned he had spoken with staff at the Federal Receivers Office is insufficient to show that Defendant Kelso was aware of Plaintiff's serious medical need. Nor are Plaintiff's allegations of supervisory liability sufficient to state a cognizable claim. Iqbal, 129 S. Ct. at 1948. Plaintiff has failed set forth factual allegations sufficient to show that any other defendant was aware that he had a serious medical need and failed to act in response. Simmons, 609 F.3d at 1018.

### D.  **Failure to Train**

To the extent that Plaintiff attempts to allege a failure to train, the "failure to train an employee who has caused a constitutional violation can be the basis for § 1983 liability where the failure to train amounts to deliberate indifference to the rights of persons with whom the employee comes into contact." Long v. County of Los Angeles, 442 F.3d 1178, 1186 (9th Cir. 2006); see City of Canton, Ohio v. Harris, 489 U.S. 378, 388, 109 S. Ct. 1197, 1204 (1989). The failure to train must be the moving force behind the constitutional violation. Canton, 489 U.S. at 391, 109 S. Ct. at 1206. Plaintiff's complaint is devoid of any facts to state a cognizable claim for failure to train.

Plaintiff has failed to set forth factual allegations to show that Defendants Harrington, Kelso, or any unnamed defendant personally participated in the deprivation of his rights.

4

**E.    State Law Claims**

    **1.    Medical Malpractice**

Plaintiff's allegations are sufficient to state a claim against Defendants Akanno and Lopez for (1) failing to exercise "the duty of the professional to use such skill, prudence, and diligence as other members of his profession commonly possess and exercise; (2) a breach of that duty; (3) a proximate causal connection between the negligent conduct and resulting injury; and (4) actual loss or damage resulting from the professional's negligence." Avivi v. Centro Medico Urgente Medical Center, 159 Cal.App.4th 463, 468, n.2 (Ct. App. 2008) (internal quotations and citation omitted); Johnson v. Superior Court, 143 Cal.App.4th 297, 305 (2006).

    **2.    Failure to Furnish or Obtain Immediate Medical Care**

In order to state a claim under California Government Code Section 845.6, "a prisoner must establish three elements: 1) the public employee knew or had reason to know of the need (2) for immediate medical care, and (3) failed to reasonably summon such care." Jett v. Penner, 439 F.3d 1091, 1099 (9th Cir. 2006). Liability for failure to obtain medical care is limited to serious and obvious medical conditions requiring immediate care. Lawson v. Superior Court, 180 Cal.App.4th 1372, 1384-85 (App. Ct. 2010). "[S]ection 845.6 provides both public entities and employees immunity where they fail to furnish or obtain medical care for a prisoner, other than when the prisoner is in need of immediate medical care." County of Sacramento v. Superior Court, 8 Cal.3d 479, 483, n.3 (1972).

Plaintiff's medical issues are ongoing and his claims arise from the failure to properly treat his medical conditions. At issue in this action is the quality or appropriateness of the care provided to Plaintiff over time. Because the facts do not involve a situation in which immediate care was required for a sudden serious medical need, Plaintiff's section 845.6 claims fail as a matter of law and shall be dismissed.

**IV.    Motions for Injunctive Relief**

    **A.    Legal Standard**

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 129 S. Ct. 365, 376 (2008) (citation omitted). "A plaintiff

5

seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Alliance for Wild Rockies v. Cottrell, 622 F.3d 1045, 1049 (9th Cir. 2010) (quoting Winter, 129 S. Ct. at 374). Alternately a preliminary injunction may issue if the moving party demonstrates that serious questions going to the merits of the case are raised and the balance of hardships tips sharply in his favor as long as there is a showing that the injunction is in the public interest and there is a likelihood of irreparable injury. Alliance for Wild Rockies, 622 F.3d at 1053. An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief. Winter, 129 S. Ct. at 376 (citation omitted) (emphasis added).

**B.   Discussion**

Plaintiff's motion for injunctive relief, filed May 18, 2011, requests a court order directing the prison to provide Plaintiff with pain medication for his back pain. Plaintiff states that he has been without pain medication from June 3, 2010 through May 11, 2011, because Defendant Lopez has stopped all pain medication and treatment for Plaintiff's back. In Plaintiff's motion for injunctive relief filed July 14, 2011, Plaintiff alleges that since filing this action he has been further retaliated against by having his medication cut off and being denied a booster seat for the toilet to take pressure off of Plaintiff's back. He has filed grievances, but has not received a response. Plaintiff fails to set forth any relief requested.

At this stage in the action the Court cannot make a finding that Plaintiff is likely to prevail on the merits of his claim that Defendants Akanno and Lopez were deliberately indifferent to his medical needs. While Plaintiff alleges that he was denied treatment and, given the liberal pleading standard for pro se litigants, a claim was found, the Court notes that Plaintiff was receiving medical care and referrals to specialists. Plaintiff had contacted the Prison Law Office about his complaints regarding medical care. Based upon the response from the Prison Law Office, dated February 9, 2009, Plaintiff could not receive surgery for his back until the issues regarding his knee surgery were resolved. Additionally Plaintiff alleges that he was not receiving adequate treatment for his pain, however on February 9, 2009, Plaintiff received an injection for back pain and he was prescribed a fentanyl pain patch and codeine. Although Plaintiff brings this claim for deliberate indifference it

appears that this may be a difference of opinion between Plaintiff and his medical providers as to proper treatment which is not sufficient to sustain a claim. Franklin v. Oregon, 662 F.2d 1337, 1355 (9th Cir. 1981); Mayfield v. Craven, 433 F.2d 873, 874 (9th Cir. 1970). Also, individual suits for injunctive and equitable relief from alleged unconstitutional prison conditions that are the subject of an existing class action "must be made through the class representative until the class action is over or the consent decree is modified." McNeil v. Guthrie, 945 F.2d 1163, 1166 (10th Cir.1991). If Plaintiff wants to submit a complaint regarding his medical treatment, he may contact the Federal Receiver.[1]

It also does not appear that Plaintiff is likely to suffer irreparable harm in the absence of preliminary relief. According to Plaintiff's motion he has not been on medication for almost a year prior to filing his May 18, 2011 motion.

Plaintiff's need for adequate pain treatment outweighs the prisons interest in providing orderly, acceptable medical care and the public interest is best served by providing appropriate medical treatment to prisoners. However, since the Court is unable to determine that Plaintiff is likely to prevail on the merits of his claim and does not appear to be likely to suffer from irreparable harm, Plaintiff's motions for preliminary injunctive relief are denied.

**V.     Conclusion and Order**

Plaintiff's complaint states a cognizable claim against Defendants Akanno and Lopez for a violation of the Eighth Amendment and medical malpractice under state law and against Defendant Lopez for retaliation in violation of the First Amendment, but does not state any other claims for relief under section 1983. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only against Defendants Akanno and Lopez for a violation of the Eighth Amendment and medical malpractice under state law and against Defendant Lopez for retaliation in violation of the First

---

[1] Plaintiff may contact J. Clark Kelso, Receiver, c/o California Department of Corrections and Rehabilitation, Controlled Correspondence Unit, P. O. Box 4038, Sacramento, CA 95812-4038.

Amendment, Plaintiff may so notify the Court in writing. The other defendants and claims will then be dismissed for failure to state a claim. Plaintiff will then be provided with two summonses and two USM-285 forms for completion and return. Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process on Defendants Akanno and Lopez.

If Plaintiff elects to amend, his amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal,129 S. Ct. at 1948-49; Jones, 297 F.3d at 934. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted). The mere possibility of misconduct is insufficient to state a claim. Iqbal, 129 S. Ct. at 1950. Further, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motions for injunctive relief, filed May 18, 2011 and July 14, 2011, are DENIED;
2. The order requiring Plaintiff to either file an amended complaint or notify the court of willingness to proceed on cognizable claims, filed November 23, 2011, is VACATED;
3. Plaintiff's failure to furnish or obtain medical care and official capacity claims are dismissed, without leave to amend, for failure to state a claim;
4. The Clerk's Office shall send Plaintiff a civil rights complaint form;
5. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:

    a. File an amended complaint curing the deficiencies identified by the Court in this order, or

    b. Notify the Court in writing that he does not wish to file an amended complaint and is willing to proceed only against Defendants Akanno and Lopez; and

6. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated:  February 6, 2012                                    /s/ Barbara A. McAuliffe
                                                                           UNITED STATES MAGISTRATE JUDGE