# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELVIN SIMS,<br><br>        Plaintiff,<br><br>    v.<br><br>SHERRY LOPEZ, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:10-cv–01409-BAM PC<br><br>ORDER DISMISSING CERTAIN CLAIMS AND DEFENDANTS AND FINDING SERVICE OF COMPLAINT APPROPRIATE, AND FORWARDING SERVICE DOCUMENTS TO PLAINTIFF FOR COMPLETION AND RETURN WITHIN THIRTY DAYS<br><br>(ECF Nos. 1, 22, 24, 26)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF No. 25) |

      Plaintiff Kelvin Sims is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On February 7, 2012, the Court screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915A, and found that it states a claim against Defendant Lopez for retaliation in violation of the First Amendment, and claims against Defendants Akanno and Lopez for deliberate indifference in violation of the Eighth Amendment and medical malpractice under state law, but did not state any other cognizable claims. Fed. R. Civ. P. 8(a); <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009); <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007). Plaintiff was ordered to either file an amended complaint or notify the Court of his willingness to proceed on the cognizable claims. (ECF No. 22.) On February 27, 2012, Plaintiff filed a notice that he wanted to proceed on the cognizable claims, because he had been unable to prepare an amended complaint. (ECF No. 23.) On February 28, 2012, an order issued directing Plaintiff to either file an amended

complaint or notify the Court that he was willing to proceed on the claims found to be cognizable in the screening order. (ECF No. 24.) On March 26, 2012, Plaintiff filed a notice that he was willing to proceed on the cognizable claims and a motion to appoint counsel. (ECF Nos. 25, 26.)

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This court is faced with similar cases almost daily. Further, at this early stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims. Id. Therefore, Plaintiff's motion for the appointment of counsel shall be denied.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of counsel, filed March 26, 2012, is denied;
2. This action shall proceed on Plaintiff's complaint filed on August 6, 2010, against Defendant Lopez for retaliation in violation of the First Amendment, and against Defendants Akanno and Lopez for deliberate indifference in violation of the Eighth Amendment and medical malpractice under state law;
3. All other federal and state claims are dismissed, with prejudice, based on Plaintiff's

failure to state any claims upon which relief may be granted;

4. Defendants Kelly Harrington, J. Clark Kelso, and Does 1 - 15 are dismissed from the action based on Plaintiff's failure to state a claim against them;

5. Service shall be initiated on the following defendants:

    **DR. JONATHAN E. AKANNO**

    **DR. SHERRY LOPEZ**

6. The Clerk of the Court shall send Plaintiff two (2) USM-285 forms, two (2) summonses, a Notice of Submission of Documents form, an instruction sheet and a copy of the complaint filed August 6, 2010;

7. Within **thirty (30) days** from the date of this order, Plaintiff shall complete the attached Notice of Submission of Documents and submit the completed Notice to the Court with the following documents:

    a. One completed summons for each defendant listed above;

    b. One completed USM-285 form for each defendant listed above; and

    c. Three (3) copies of the endorsed complaint filed August 6, 2010.

8. Plaintiff need not attempt service on the defendants and need not request waiver of service. Upon receipt of the above-described documents, the Court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

9. <u>The failure to comply with this order will result in dismissal of this action</u>.

IT IS SO ORDERED.

Dated: **March 28, 2012**            /s/ **Barbara A. McAuliffe**
                                                 UNITED STATES MAGISTRATE JUDGE