# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELVIN SIMS,<br><br>             Plaintiff,<br><br>   v.<br><br>SHERRY LOPEZ, et al.,<br><br>             Defendants.<br>_____/ | CASE NO. 1:10-cv–01409-BAM PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR AN ORDER TO SHOW CAUSE<br><br>(ECF No. 28) |

Plaintiff Kelvin Sims is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On March 29, 2012, an order issued dismissing certain claims and defendants and ordering Plaintiff to complete and return service documents within thirty days. (ECF No. 27.) On April 18, 2012, Plaintiff filed a motion for an order to show cause upon the warden due to lack of access to the law library. (ECF No. 28.)

Plaintiff complains that he has not been granted access to the law library and without access to research materials and copy service he cannot comply with the court's order. At this juncture of the action, Plaintiff need only to complete the service documents and return them to the court for service. There are no deadlines requiring Plaintiff to need to do legal research. If Plaintiff needs additional time in order to obtain copies, he is advised to file a motion for an extension of time.

To the extent that Plaintiff is seeking a court order directing prison officials to provide him access to the law library, for each form of relief sought in federal court, Plaintiff must establish standing. Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010), *cert.denied*, 131 S. Ct. 503 (2010). This requires Plaintiff to "show that he is under threat of suffering 'injury in fact' that is

1  concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical;
2  it must be fairly traceable to challenged conduct of the defendant; and it must be likely that a
3  favorable judicial decision will prevent or redress the injury." Summers v. Earth Island Institute, 129
4  S. Ct. 1142, 1149 (2009) (citation omitted); Mayfield, 599 F.3d at 969 (citation omitted).

5      In addition, any award of equitable relief is governed by the Prison Litigation Reform Act,
6  which provides in relevant part, "[p]rospective relief in any civil action with respect to prison
7  conditions shall extend no further than necessary to correct the violation of the Federal right of a
8  particular plaintiff or plaintiffs.  The court shall not grant or approve any prospective relief unless
9  the court finds that such relief is narrowly drawn, extends no further than necessary to correct the
10 violation of the Federal right, and is the least intrusive means necessary to correct the violation of
11 the Federal right." 18 U.S.C. § 3626(a)(1)(A).

12     The relief requested by Plaintiff is not related to the underlying claims that Defendants were
13 deliberately indifferent to his serious medical needs.  Since the relief sought would not remedy the
14 violation of the Federal right at issue here, the Court cannot grant the requested relief and Plaintiff's
15 motion for equitable relief shall be denied.

16     Accordingly, Plaintiff's motion for an order to show cause, filed April 18, 2012, is HEREBY
17 DENIED.

18     IT IS SO ORDERED.

19   **Dated:   April 23, 2012**                                   /s/ **Barbara A. McAuliffe**
20                                                           UNITED STATES MAGISTRATE JUDGE

21
22
23
24
25
26
27
28