# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELVIN SIMS, | CASE NO. 1:10-cv–01409-BAM PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR A SIX MONTH STAY, MOTION FOR AN ORDER TO SHOW CAUSE AND TEMPORARY RESTRAINING ORDER, AND MOTION FOR EXTENSION OF TIME |
| v. | |
| SHERRY LOPEZ, et al., | |
| Defendants. | (ECF Nos. 36, 38, 39, 40.) |

## I. Procedural History

Plaintiff Kelvin Sims is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on the complaint, filed August 6, 2010, against Defendant Lopez for retaliation in violation of the First Amendment and Defendants Akanno and Lopez for deliberate indifference in violation of the Eighth Amendment and medical malpractice under state law. (ECF Nos. 1, 27.) On August 13, 2012, an order issued opening discovery. (ECF No. 35.) Plaintiff filed a motion for a six month stay on September 10, 2012; a motion for an order to show cause and a temporary restraining order on September 17, 2012; and a motion for an extension of time on October 1, 2012. (ECF Nos. 36, 38, 39, 40.)

## II. Motion for Six Month Stay

Plaintiff states that his access to the courts is being denied because he is having problems accessing the law library and copy services. (Plaintiff's Request for Six Month Stay 1, ECF No. 36.) He is moving for an order to show cause why he is not being allowed access to the law library or

1 a six month stay for his inmate grievance to be processed.[1] (Id. at 2.)

2 The Court declines to stay this action. Should Plaintiff need additional time to meet established deadlines, he may file a motion for an extension of time. Plaintiff's motion for a six month stay is denied.

### III. Plaintiff's Motion for Court Orders

In the motion for a temporary restraining order, Plaintiff states that prison officials at Salinas Valley State Prison ("SVSP") confiscated his medical devices and appliances and he has only been allowed access to the law library four times since he arrived at SVSP. (Motion for Order to Show Cause and Temporary Restraining Order 1-2, ECF NO. 38.) Plaintiff seeks an order directing prison officials at SVSP to show cause why a preliminary injunction should not issue to return his medical appliances; refer him to specialist for back, knee, and hammertoe surgery; to stop harassing Plaintiff; and grant him access to the law library. (Id. at 2-3.) In his motion for a stay, Plaintiff also moves for an order directing the warden of SVSP to show cause why Plaintiff is not being allowed access to the law library. (ECF No. 36 at 2.)

As a threshold matter, Plaintiff must establish that he has standing to seek preliminary injunctive relief. Summers v. Earth Island Institute, 555 U.S. 488, 493, 129 S. Ct. 1142, 1149 (2009) (citation omitted); Pacific Rivers Council v. U.S. Forest Service, 668 F.3d 609, 618 (9th Cir. 2012) (citation omitted); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010) (citation omitted). Plaintiff "must show that he is under threat of suffering an 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to challenged conduct of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury." Summers, 555 U.S. at 493, 129 S. Ct. at 1149 (citation omitted); Pacific Rivers Council, 668 F.3d at 618; Mayfield, 599 F.3d at 969.

The medical care claims set forth in Plaintiff's complaint arise from denial of pain medication which occurred at Kern Valley State Prison ("KVSP") from 2007 through 2010. In addition to the fact that Plaintiff's claims arise from past events, Plaintiff is no longer incarcerated

---

[1] Plaintiff's motion for a court order shall be addressed separately in the next section of this order.

at KVSP and alleges actions by prison officials who are not parties to this action. Accordingly, Plaintiff lacks standing to seek relief directed at remedying his current conditions of confinement at SVSP and his motions for a court order and temporary restraining order are denied.

### IV. Motion for a Thirty Day Extension of the Discovery Order

Plaintiff moves for a thirty day extension of the October 13, 2012, deadline to file an unenumerated 12(b) motion. (Affidavit for Extension of Time 1, ECF No. 40.) The deadline for which Plaintiff seeks an extension of time is the date by which Defendants are required to file a motion to dismiss this action for failure to exhaust administrative remedies. There is no deadline for Plaintiff to file a motion to dismiss. Plaintiff's motion to amend the scheduling order is denied.

### V. Conclusion and Order

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for a six month stay, filed September 6, 2012, is DENIED;
2. Plaintiff's motion for an order to show cause and motion for a temporary restraining order, filed September 17, 2012, is DENIED; and
3. Plaintiff's motion for and extension of time, filed October 1, 2012, is denied.

IT IS SO ORDERED.

Dated: October 8, 2012         /s/ Barbara A. McAuliffe
                               UNITED STATES MAGISTRATE JUDGE