UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELVIN SIMS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SHERRY LOPEZ, et al.,<br><br>　　　　Defendants. | Case No.: 1:10-cv-01409-BAM PC<br><br>ORDER DENYING PLAINTIFF'S SECOND MOTION FOR ORDER COMPELLING DISCOVERY<br><br>(ECF No. 53) |

### I.　　Introduction

Plaintiff Kelvin Sims is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On November 29, 2012, Plaintiff filed a motion to compel Defendants Lopez and Akanno to produce "entire" documents in response to his Request for Production of Documents, Set One. (ECF No. 51.) On December 4, 2012, Defendants Lopez and Akanno filed an opposition to the motion. Defendants stated that they had served responses to Plaintiff's discovery requests and that Plaintiff's motion should be denied because it was procedurally deficient. (ECF No. 52.) On January 22, 2013, the Court denied the motion to compel because Plaintiff had failed to inform the Court why Defendants' response to his discovery requests was not justified. (ECF No. 54.)

1 Currently pending before the Court is Plaintiff's second motion for an order compelling
2 responses to his Request for Production of Documents, Set One, filed on December 28, 2012.  (ECF
3 No. 53.)  Defendants opposed the motion on February 11, 2013.  (ECF No. 58.)

**II.     Discussion**

By the instant motion, Plaintiff seeks to compel responses to his Request for Production of Documents, Set One.  Plaintiff indicates that he served his request for production on September 16, 2012, but did not receive documents responsive to requests Nos. 1-6.  Plaintiff asserts that there was no substantial justification for Defendants' refusal to respond.  Plaintiff therefore seeks reasonable expenses in the amount of $100.00 and an order compelling production.  (ECF No. 53.)

Defendants counter that Plaintiff's second motion is procedurally deficient because it does not describe how Defendants' response to his discovery request is inadequate.  Nonetheless, Defendants report that they served responses to Plaintiff's Requests for Production of Documents, Set One on November 9, 2012.  (ECF No. 58-1, Counsel Declaration ¶ 2)  The response included a box of documents, which was received at Salinas Valley State Prison, where Plaintiff was housed, on November 14, 2012.  (ECF No. 58-1, Counsel Declaration ¶ 2; ECF No. 58-2, p. 6, Exhibit B to Counsel Declaration.)  In that response, Defendants objected to the request for other inmates' appeals concerning Defendants.  Defendants therefore believe that the only matter which could be in issue is whether Plaintiff is entitled to inmate appeals filed by other inmates.

Defendants argue that Plaintiff is not entitled to appeals filed by other inmates.  First, Defendants contend that such appeals are not relevant to this action and the request by Plaintiff is not reasonably calculated to obtain admissible evidence.  Second, Defendants contend that the request is overbroad as to the time and subject matter of the appeals.  Defendants assert that it is impossible to comply with Plaintiff's request because inmate appeals are logged by inmate name, not the staff mentioned in the appeal.  Third, Defendants contend that other inmates' medical appeals are protected by privacy laws, including HIPAA.

Having considered Plaintiff's motion and Defendants' opposition, the Court finds that Plaintiff's second motion for an order compelling discovery should be denied.  First, contrary to Plaintiff's assertion, Defendants served responses to Plaintiff's request for production of documents.

Second, Plaintiff's motion is procedurally deficient.  Plaintiff has failed to explain how or why Defendants' response to his request for production of documents was not justified.  Third, and finally, Plaintiff is not entitled to other inmate appeals involving Defendants because they are not relevant. Pursuant to Federal Rule of Civil Procedure 26, a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . . [ ] Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).  In his discovery requests, Plaintiff sought "[a]ny and all CDC-Medical 602 complaints against [Defendants] by other prisoners, for the incompetence or indifference of the defendants in the performance of their duties as medical doctors in the California Prison system." (ECF No. 58-2, p. 2.)  Other inmates' medical appeals are not relevant to Plaintiff's claim that Defendants Akanno and Lopez were deliberately indifferent to Plaintiff's serious medical needs in violation of the Eighth Amendment.

### III. Conclusion and Order

For the reasons stated, Plaintiff's motion for an order compelling discovery, which was filed on December 28, 2012, is HEREBY DENIED.

IT IS SO ORDERED.

Dated:   **May 21, 2013**          /s/ Barbara A. McAuliffe
                                    UNITED STATES MAGISTRATE JUDGE