UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELVIN SIMS, | Case No.: 1:10-cv-01409-BAM PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTIONS FOR APPOINTMENT OF COUNSEL |
| v. | |
| SHERRY LOPEZ, et al., | (ECF Nos. 77, 78.) |
| Defendants. | |

### I. Introduction

Plaintiff Kelvin Sims is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds against Defendant Lopez for retaliation in violation of the First Amendment, and against Defendants Akanno and Lopez for deliberate indifference in violation of the Eighth Amendment and medical malpractice under state law.

On July 8, 2013, following an extension of the dispositive motion deadline, Defendants Lopez and Akanno filed a motion for summary judgment.  (ECF No. 62.)  Plaintiff did not file an opposition. Instead, on August 28, 2013, Plaintiff requested appointment of counsel.  (ECF No. 63.)  The Court denied Plaintiff's request on August 29, 2013.  (ECF No. 64.)

On December 18, 2013, Plaintiff filed a motion requesting an enlargement of time to oppose Defendants' motion for summary judgment.  Plaintiff also requested the appointment of counsel. (ECF No. 66.)  On January 15, 2014, the Court denied Plaintiff's request for the appointment of

1

1  counsel, but granted Plaintiff an extension of time to file his opposition to Defendants' motion for
2  summary judgment. (ECF No. 67.)

3  Following that time, Plaintiff requested three additional extensions of time to file his
4  opposition to the motion for summary judgment, including one motion that is still pending before this
5  Court, along with a motion for leave to amend his complaint. (ECF Nos. 68, 70, 72.)

6  On June 12, 2014, Plaintiff filed a motion to appoint counsel. (ECF No. 77.) Plaintiff filed a
7  supplemental motion to appoint counsel on June 20, 2014. (ECF No. 78.) The Court finds responses
8  unnecessary and the motions are deemed submitted. Local Rule 230(l).

9  **II. Discussion**

10  Plaintiff requests that the appointment of counsel claiming that he is unable to present his case
11  without counsel. As an example of his inability, Plaintiff points to his failure to meet the deadline to
12  amend his claims in February 2013 to add a claim regarding discontinuance of his pain medication.
13  (ECF No. 77, pp. 3, 6.) Plaintiff also claims that he has been unable to count on the assistance of
14  inmates, he lacks education, prison overcrowding reduces access to learning, education and legal lay
15  people and he has been unable to secure counsel on his own. Plaintiff complains that he was separated
16  from his prior legal assistant following a transfer and was unable to communicate with him due to
17  prison regulations. However, Plaintiff has obtained assistance from another inmate.

18  Plaintiff's supplemental motion consists of a declaration from Inmate Michael Woody. Inmate
19  Woody reports that Plaintiff cannot effectively represent himself in this action. Inmate Woody also
20  reports that he hopes to assist Plaintiff only long enough for the Court to appoint counsel. Inmate
21  Woody also asserts that this case has merit and deserves to proceed. (ECF No. 78.)

22  Plaintiff has not identified any exceptional circumstances warranting the appointment of
23  counsel. As previously explained, Plaintiff does not have a constitutional right to appointed counsel in
24  this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an
25  attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District
26  Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in
27  certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant
28  to section 1915(e)(1). Rand, 113 F.3d at 1525. In determining whether "exceptional circumstances

exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

As Plaintiff has been informed on previous occasions, the Court does not find the required exceptional circumstances.  This Court is faced with similar cases almost daily from indigent prisoners with limited law library access and with no legal training or education.  Further, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims. Id.  Accordingly, Plaintiff's request for the appointment of counsel shall be denied.

### III. Conclusion and Order

Based on the above, Plaintiff's motions for the appointment of counsel are DENIED without prejudice.

IT IS SO ORDERED.

Dated: **June 23, 2014**         /s/ *Barbara A. McAuliffe*
                                 UNITED STATES MAGISTRATE JUDGE

3