1

2

3

4

5

6

7

8                          **UNITED STATES DISTRICT COURT**

9                          **EASTERN DISTRICT OF CALIFORNIA**

10

11    KELVIN SIMS,                          )   Case No.: 1:10-cv-001409-BAM (PC)
                                            )
12                        Plaintiff,        )   ORDER DENYING PLAINTIFF'S MOTION FOR
                                            )   LEAVE TO FILE AN AMENDED COMPLAINT
13            v.                            )
                                            )
14    SHERRY LOPEZ, et al.,                 )   (ECF No. 73)
                                            )
15                        Defendants.       )
                                            )
16                                          )
                                            )
17                                          )
                                            )
18    _____     )

19        **I.        Background**

20            Plaintiff Kelvin Sims is a state prisoner proceeding pro se and in forma pauperis in this civil

21    rights action pursuant to 42 U.S.C. § 1983. This action proceeds against Defendant Lopez for

22    retaliation in violation of the First Amendment, and against Defendants Akanno and Lopez for

23    deliberate indifference in violation of the Eighth Amendment and medical malpractice under state law.

24            On August 13, 2012, the Court issued a Discovery and Scheduling Order in this matter.

25    Pursuant to that order, the deadline to amend pleadings expired on February 13, 2013.  (ECF No. 35.)

26            On July 8, 2013, Defendants filed a motion for summary judgment.  (ECF No. 62.)  Plaintiff

27    did not file an opposition.  Instead, on August 28, 2013, Plaintiff requested appointment of counsel.

28    (ECF No. 63.)  The Court denied Plaintiff's request on August 29, 2013.  (ECF No. 64.)

1    More than three months later, on December 18, 2013, Plaintiff filed an untimely motion for an

2    enlargement of time to oppose Defendants' motion for summary judgment.  Plaintiff again requested

3    the appointment of counsel.  (ECF No. 66.)  On January 15, 2014, the Court denied Plaintiff's request

4    for the appointment of counsel.  However, in light of the public policy favoring disposition of cases on

5    their merits, the Court excused the late filing and granted Plaintiff an extension of time to file his

6    opposition to the motion for summary judgment.  Plaintiff's opposition was due on February 14, 2014.

7    (ECF No. 67.)

8    On March 3, 2014, after expiration of the deadline to file his opposition, Plaintiff filed a

9    second request for an enlargement of time to file his opposition to the motion for summary judgment.

10   (ECF No. 68.)  The Court granted the request and set the deadline for Plaintiff's opposition as April 7,

11   2014.  (ECF No. 69.)

12   On April 7, 2014, in lieu of an opposition, Plaintiff requested a third enlargement of time to file

13   his opposition to the motion for summary judgment.  (ECF No. 70.)  The Court granted the request,

14   but noted that because the motion for summary judgment had been pending since July 2013 any

15   further extensions of time could result in prejudice to Defendants.  Therefore, the Court cautioned

16   Plaintiff that any further extensions of time must be supported by good cause.  Plaintiff's deadline to

17   file his opposition was May 8, 2014.  (ECF No. 71.)

18   Plaintiff did not file an opposition.  Instead, on May 19, 2014, Plaintiff filed a motion seeking

19   another thirty-day extension of time to file his opposition.  (ECF No. 72.)  On May 29, 2014, during

20   pendency of the motion for an extension of time, Plaintiff filed the instant motion for leave to file an

21   amended complaint.  (ECF No. 73.)  Thereafter, Plaintiff also filed a purported opposition to the

22   motion for summary judgment on June 2, 2014.  (ECF No. 74.)  Defendants opposed the motion for

23   leave to amend the complaint on June 5, 2014.  (ECF No. 75.)  Defendants also opposed the motion

24   for an extension of time and filed a motion to strike Plaintiff's opposition to the motion for summary

25   judgment.  (ECF Nos. 75, 76.)

26   The deadline to file any reply to the motion seeking leave to amend the complaint has passed

27   and the motion is deemed submitted.  Local Rule 230(l).

28

2

## II.     Discussion

### A.  Proposed Amendment

Plaintiff has not submitted a proposed amended complaint for the Court's consideration. However, according to Plaintiff's moving papers, he seeks to amend his complaint to allege a claim for deliberate indifference to serious medical needs against Defendant Akanno based on (1) termination of Plaintiff's narcotic analgesic, Fentanyl, without notice and hearing; and (2) Plaintiff's subsequent withdrawal from the medication without detox.  (ECF No. 73, p. 3.)

### B.  Legal Standard

As Plaintiff's request to amend is after expiration of the Scheduling Order deadline for amendment of pleadings, the Court must apply the standard for amending a scheduling order under Federal Rule of Civil Procedure 16, rather than the liberal amendment standard of Rule 15.  Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294 (9th Cir. 2000) (district court correctly addressed motion for leave to amend under Rule 16 because it had issued a pretrial scheduling order that established a timetable for amending the pleadings and the motion was filed after the deadline had expired).

Pursuant to Rule 16(b), a scheduling order "may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  The "good cause" standard "primarily considers the diligence of the party seeking the amendment."  Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).  The district court may modify the scheduling order "if it cannot reasonably be met despite the diligence of the party seeking the extension."  Id.  If the party was not diligent, the inquiry should end.  Id.

Here, Plaintiff has not demonstrated diligence in seeking the proposed amendment.  Plaintiff made no effort to seek modification of the scheduling order to extend the deadline to amend his complaint after the relevant deadline to amend the pleadings expired more than one year ago.  Rather, Plaintiff waited until he was faced with Defendants' motion for summary judgment to seek any amendment of his pleadings.  Although Plaintiff attributes his failure to amend on the lack of legal counsel and the loss of his inmate assistant after a transfer in July 2010, this is not sufficient.  The Court did not issue the relevant Discovery and Scheduling Order until August 2012.  "In general, *pro se* representation does not excuse a party from complying with a court's orders and with the Federal

Rules of Civil Procedure." <u>Ackra Direct Mktg. Corp. v. Fingerhut Corp.</u>, 86 F.3d 852, 856–57 (8th Cir.1996). summet

Furthermore, Plaintiff knew of Defendant Akanno's termination of the Fentanyl patch at the outset of this litigation.  Plaintiff's declaration, which was filed with the complaint, states, "On June 03, 2010, KVSP medical staff and Dr. Akanno discontinued treating my back pains with the fentanyl patch." (ECF No. 1, ¶ 34.)  However, Plaintiff did not allege that he suffered any withdrawal or other symptoms from discontinuation of the patch. (ECF No. 1.)  Plaintiff also does not explain why he requires amendment to a complaint that includes allegations involving discontinuance of the Fentanyl patch.

Additionally, in his moving papers, Plaintiff appears to suggest that he received information regarding the proposed amendment when Defendant Akanno responded to Plaintiff's interrogatory requests.  (ECF No. 73, p. 4.)  However, Defendant Akanno responded to the relevant interrogatory on November 9, 2012, which was more than one year ago.  (ECF No. 75, p. 6.)  Plaintiff does not explain why he did not seek to amend upon receipt of Defendant Akanno's interrogatory responses.

Plaintiff has not established good cause and his motion for leave to amend shall be denied. Fed. R. Civ. P. 16(b)(4); <u>Zivkovic v. Southern California Edison Co.</u>, 302 F.3d 1080, 1087 (9th Cir. 2002).

**III.     Conclusion and Order**

For the reasons stated, Plaintiff's motion for leave to file an amended complaint is HEREBY DENIED.

IT IS SO ORDERED.

Dated:   **June 24, 2014**                    /s/ Barbara A. McAuliffe
                                            UNITED STATES MAGISTRATE JUDGE

4