UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELVIN SIMS,<br><br>             Plaintiff,<br><br>     v.<br><br>SHERRY LOPEZ, et al,<br><br>             Defendants. | 1:10-cv-01409-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S RENEWED MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF No. 92) |

Plaintiff Kelvin Sims is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds against Defendant Lopez for retaliation in violation of the First Amendment, and against Defendants Akanno and Lopez for deliberate indifference in violation of the Eighth Amendment and medical malpractice under state law.

On December 8, 2014, Plaintiff filed a renewed motion for the appointment of counsel in this action. As Plaintiff previously has been informed, he does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

1

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved."  Id. (internal quotation marks and citations omitted).

Plaintiff has not identified any exceptional circumstances warranting the appointment of counsel.  This Court is faced with similar cases almost daily from prisoners with no legal experience prosecuting actions while incarcerated.  Further, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits.  Plaintiff asserts that he has a meritorious claim because the Court has not immediately granted Defendants' motion for summary judgment.  However, the fact that Defendants' motion for summary judgment remains pending is not a reflection on the merits of the underlying matter.  Additionally, based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.  Id.

For the foregoing reasons, Plaintiff's renewed motion for the appointment of counsel is HEREBY DENIED without prejudice.

IT IS SO ORDERED.

Dated:   **December 10, 2014**             /s/ *Barbara A. McAuliffe*            
                                                              UNITED STATES MAGISTRATE JUDGE